**FOURTH DIVISION**
**DILLARD, P. J.,**
**BROWN and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

May 30, 2024

# In the Court of Appeals of Georgia

A24A0171. AJIGBOLAMU v. MILNE.

PIPKIN, Judge.

Ayodele Ajigbolamu, proceeding pro se, appeals the trial court's order granting summary judgment to defendant Jeremy Milne in this breach of contract case. As more fully set forth below, we now affirm in part and reverse in part.

As an initial matter, we note that Ajigbolamu's brief does not fully comply with the rules of this Court. Court of Appeals Rule 25 (d) (1) (i) requires that "[e]ach enumerated error shall be supported in the brief by specific reference to the record or transcript." However, Ajigbolamu's brief does not include any citations to the record. Further, Ajigbolamu has attached two exhibits to his appellate brief, which is in violation of the rules of this Court, see Court of Appeals Rule 24 (g), and at least one

cannot be considered because it does not appear in the record transmitted to this Court. See *Modi v. India-American Cultural Assn.*, 367 Ga. App. 572, 575-576 (4) (886 SE2d 378) (2023) ("[E]xhibits attached to an appellate brief but not appearing in the record transmitted by the trial court cannot be considered by this Court.") (citations and punctuation omitted). Ajigbolamu's "pro se status does not excuse [him] from compliance with the substantive and procedural requirements of the law, including the rules of this Court. These rules are designed to facilitate the consideration of the enumerated errors and compliance with such rules is not optional."(Citation and punctuation omitted.) *Stewart v. Johnson*, 358 Ga. App. 813, 814 (856 SE2d 401) (2021). Although we will nevertheless endeavor to address the merits of Ajigbolamu's appeal, "if we miss something in the record or misconstrue an argument due to the noncomforming brief, the responsibility rests with [Ajigbolamu]." Id.

Construing the evidence and all reasonable inferences in the light most favorable to Ajigbolamu, as the non-movant on summary judgment, see *Montgomery v. Travelers Home & Marine Ins. Co.*, 360 Ga. App. 587, 588 (1) (859 SE2d 130) (2021), the record shows the following. In 2020, Ajigbolamu hired contractors, including Milne, to assist him in constructing a house. Under the parties' agreement, Milne was

to install tile in five bathrooms and a laundry room. In 2021, Ajigbolamu sued Milne for breach of contract, alleging that Milne failed to complete and/or properly perform the tile work. Ajigbolamu sought $5,300 as damages incurred for hiring others to complete and repair the work and an additional $86,920 in consequential damages allegedly caused by the construction delays which resulted from Milne's failure to complete the tile work on time. Milne answered and filed a counterclaim, alleging that he had fully performed under the contract but that Ajigbolamu did not pay him in full.

Milne filed a motion for summary judgment, arguing that Ajigbolamu failed to produce any evidence to support his damages claims and that his alleged consequential damages were too remote. Following a hearing, the trial court granted Milne's motion. Ajigbolamu appeals.

1. We first address the trial court's ruling that Ajigbolamu did not produce any evidence in support of his breach of contract claim.

Summary judgment is appropriate when the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law[.]" OCGA § 9-11-56 (c). A defendant seeking summary judgment may demonstrate this

by either presenting evidence negating an essential element of the plaintiff's claims or establishing from the record an absence of evidence in support of such claims. Where a defendant moving for summary judgment discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.

(Citation and punctuation omitted.) *Montgomery,* 360 Ga. App. at 588 (1).

The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken. Proof of damages is an essential element to a claim for breach of contract, and a failure to prove damages is fatal to plaintiff's claim.

(Citation and punctuation omitted.) *Knaack v. Henley Park Homeowners Assn.*, 365 Ga. App. 375, 382 (2) (877 SE2d 821) (2022).

First, it is important to note that there appears to be no dispute here that the parties' entered in a contract for Milne to perform the tile work, and Ajigbolamu's testimony at his deposition that Milne failed to complete the tile work and improperly installed some of the tiles on the work he did complete was undisputed. Nevertheless, Milne contends, as he did in his motion for summary judgment, that he is entitled to summary judgment because Ajigbolamu failed to prove his general and consequential

damages and that his consequential damages were too remote. However, once a plaintiff has established a valid contract and a breach of that contract,

> the defendant is not entitled to summary judgment on the claim, even if the plaintiff fails to present any admissible evidence to establish the amount of actual damages flowing from the breach. This is because, under OCGA § 13-6-6, in every case of breach of contract, the injured party has a right to damages, but if there has been no actual damage, the injured party may recover nominal damages sufficient to cover the costs of bringing the action.

(Citation and punctuation omitted.) *Eastview Healthcare v. Synertx.*, 296 Ga. App. 393, 399 (4) (674 SE2d 641) (2009).

Accordingly, the trial court's order is reversed to the extent it granted summary judgment on Ajigbolamu's claim for general damages flowing from Milne's breach of the parties' contract. Further, in so holding, we express no opinion as to whether the record does in fact contain admissible evidence of Ajigbolamu's actual damages or whether such evidence was properly admitted below but not made part of the appellate record; these matters must be sorted out in the trial court upon remand.

2. We turn next to the trial court's grant of summary judgment on Ajigbolamu's claim for consequential damages on the basis that those damages were too remote.

5

Although our law permits the recovery of both general and consequential damages in a breach of contract case, "[r]emote or consequential damages are not recoverable unless they can be traced solely to the breach of the contract or unless they are capable of exact computation, . . . and are independent of any collateral enterprise entered into in contemplation of the contract." OCGA § 13-6-8.

At the summary judgment hearing, Ajigbolamu showed the trial court what, insofar as we can glean from what was said at the hearing, appears to have been an amortization table.[1] Ajigbolamu then represented to the trial court that the interest rate increased on his loan, which he attributed to the delay caused by Milne's breach of the parties' contract. However, while Ajigbolamu made this argument to the trial court and argues on appeal that the trial court failed to look at this "[p]roof," there is nothing in the record to show that Ajigbolamu actually paid more interest on his loan because of the alleged delays. Further, even assuming that there were some sort of damages attributable to delays, because Ajigbolamu testified in his deposition that other contractors were also behind schedule, Ajigbolamu has not shown those damages were solely attributable to Milne's breach of contract. Accordingly, because

---

[1] It does not appear that this document was introduced into evidence and it is not included in the record on appeal.

the claimed consequential damages cannot be traced solely to Milne's alleged breach of the parties' contract and do not appear to be capable of exact computation, the trial court did not err in granting summary judgment on this claim. See *Lay Bros. v. Golden Pantry Food Stores,* 273 Ga. App. 870, 874-875 (2) (616 SE2d 160) (2005).

3. Ajigbolamu also takes issue with the disposition of Milne's counterclaim. But the trial court dismissed the case in its order granting summary judgment, and Milne has not filed a cross-appeal challenging that dismissal. Moreover, Milne states in his brief on appeal that he has abandoned his counterclaim. Accordingly, there is nothing for us to review in regards to the counterclaim.

*Judgment affirmed in part, reversed in part and case remanded. Dillard, P. J., and Brown, J., concur.*